UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. STORMAN, | No. 2:20-cv-00907-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| ALTA REGIONAL CENTER, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This action was referred to this court by Local Rule 302(c)(21). Plaintiff has requested permission to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff has submitted the affidavit required by section 1915(a) showing that he is unable to prepay fees and costs or give security for them. (ECF No. 2.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327.

4  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
5  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
6  action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim
9  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.
12 at 678. When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes,
15 416 U.S. 232, 236 (1974).

16 **1.    The original complaint fails to state a claim under the ADEA and the ADA.**

17 The original complaint asserts two claims: one for discrimination under the Age
18 Discrimination in Employment Act and one for discrimination under the Americans with
19 Disabilities Act. (ECF No. 1.) The original complaint fails to allege sufficient factual
20 information to state plausible claims for relief under either act.

21        a.    Discrimination under the ADEA.

22 Plaintiff's first claim arises under the Age Discrimination in Employment Act, which
23 makes it unlawful for an employer "to limit, segregate, or classify [ ] employees in any way
24 which would deprive or tend to deprive any individual of employment opportunities or otherwise
25 adversely affect his status as an employee, because of such individual's age . . . ." 29 U.S.C.
26 § 623(a)(2). To prevail on a claim for age discrimination under the ADEA, a plaintiff must
27 ultimately prove that age was the "but-for" cause of the employer's adverse action. Gross v. FBL
28 Financial Services, Inc., 557 U.S. 167 (2009).

1  The Ninth Circuit analyzes ADEA cases using the framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under the McDonnell Douglas framework, a plaintiff must carry the initial burden to establish a prima facie case that creates an inference of discrimination.  Id. at 802.  If the plaintiff establishes a prima facie case, an inference of discrimination arises, and the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its employment action.  Id.  If the employer does so, the burden shifts back to the employee to prove that the employer's explanation is a pretext for discrimination.  Id.

To establish a prima facie case under the ADEA, a plaintiff must allege that he (1) was a member of a protected class [above age 40]; (2) was performing his job in a satisfactory manner; (3) was subject to an adverse employment action; and (4) was replaced by a substantially younger employee with equal or inferior qualifications.  Allen v. Centillium Commc'ns, Inc., 2008 WL 916976, at *6 (N.D. Cal. Apr. 3, 2008) (citing Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994)).  But "a plaintiff in an ADEA case is not required to plead a prima facie case of discrimination in order to survive a motion to dismiss."  See Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1050 (9th Cir. 2012) (reaffirming the application of Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508–11 (2002) after Twombly and Iqbal). Instead, the Ninth Circuit simply requires the complaint state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. 662, 678 (2009).

Here, it is clear from the face of the original complaint that plaintiff has failed to allege sufficient facts to state a claim under the ADEA.  The original complaint alleges that plaintiff is 69 years old and that he was "denied services" by defendant.  But the original complaint does not allege any employment relationship between plaintiff and defendant, and accordingly, it does not allege that plaintiff was performing his job duties satisfactorily, suffered an adverse employment action, or was replaced by a younger employee with equal or inferior qualifications.  Absent allegations that plaintiff was employed by defendant, the ADEA appears not to apply.  The original complaint therefore fails to state a claim for age discrimination under the ADEA.

/////

      b.     <u>Discrimination under the ADA</u>

Plaintiff also asserts a claim for discrimination under the Americans with Disabilities Act. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.A. § 12112; <u>Gribben v. UPS</u>, 528 F.3d 1166, 1169 (9th Cir.2008). Under the statute, the term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. § 12111. "To establish a prima facie case for failure to accommodate under the ADA, [a plaintiff] must show that (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." <u>Samper v. Providence St. Vincent Med. Ctr.</u>, 675 F.3d 1233, 1237 (9th Cir. 2012).

As with his ADEA claim, plaintiff has not alleged any employment relationship with defendant, and thus it is unclear whether the ADA applies. Likewise, plaintiff has not alleged that he is a qualified individual able to perform the essential functions of the job with reasonable accommodations, or that he suffered an adverse employment action because of his alleged disability. The original complaint also fails to state a claim for discrimination under the ADA.

**2.    Plaintiff may amend his complaint.**

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); <u>see also Gardner v. Marino</u>, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Here, plaintiff may be able to cure the deficiencies in the complaint by alleging additional facts addressed above. Thus, the original complaint will be dismissed without prejudice and with leave to amend.

/////

4

In accordance with the above, IT IS HEREBY ORDERED

1. That plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and
2. That plaintiff's original complaint (ECF No. 1) is dismissed without prejudice.

Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

Dated:  October 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.00907.screen