1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL D. STORMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALTA REGIONAL CENTER,<br><br>Defendant. | No. 2:20-cv-00907-KJM-CKD (PS)<br><br><br><br>ORDER |
|---|---|

  This action was referred to this court by Local Rule 302(c)(21). Plaintiff proceeds pro se and has been granted permission to proceed in forma pauperis under 28 U.S.C. § 1915.

  The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**1.    The first amended complaint fails to state a claim.**

The First Amended Complaint (FAC) asserts claims of discrimination under Title III of the Americans with Disabilities Act ("ADA") and California Civil Code section 51 ("Unruh Act").  (ECF No. 10.)  As discussed below, the FAC fails to state a claim under either act.

     a.    <u>Disability discrimination under Title III of the ADA</u>

Plaintiff alleges that defendant violated Title III of the ADA by denying him "eligibility for services" because of his Tourette's syndrome and autism.  (ECF No. 10 at 1.).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010).

Here, for purposes of initial screening, the court finds that plaintiff has sufficiently alleged he is disabled within the meaning of the ADA, based on his alleged Tourette's syndrome and autism. The court similarly finds that plaintiff has sufficiently alleged that defendant, Alta Regional Center, owns, leases, or operates a place of public accommodation. Plaintiff, however, has not sufficiently alleged that defendant discriminated against him because of his disability. Plaintiff's allegations that he was "denied eligibility for services" is too vague to satisfy Twombly's plausibility standard. Plaintiff must allege factual content that establishes which services he was denied, and the causal nexus between the denial of services and plaintiff's disability. Absent more specific factual allegations, plaintiff has failed to state a claim under the ADA.

      b. Age discrimination under the Unruh Act

The Unruh Civil Rights Act, codified in California Civil Code § 51, provides that "[a]ll persons . . . are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The purpose of the Unruh Act "is to compel a recognition of the equality of citizens in the right to the peculiar service offered" by the entities covered by the acts. Marina Point, Ltd. v. Wolfson, 30 Cal.3d 721, 737, 180 Cal. Rptr. 496, 640 P.2d 115 (1982); see also Strother v. Southern California Permanente Medical Group, 79 F.3d 859 (9th Cir.1996).

In effectuating its long-stated policy of ridding the state of discrimination, the California legislature amended the Unruh Act in 1992 to broaden the scope of its protection. As amended, section 51 provides that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Hubbard v. Twin Oaks Health & Rehab. Ctr., 408 F. Supp. 2d 923, 928 (E.D. Cal. 2004). Thus, "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007)

Here, plaintiff alleges age discrimination under the Unruh Act. Plaintiff alleges that defendant discriminated against him because defendant said plaintiff has "no problems" before age 18, and plaintiff says he was diagnosed with autism at age 52. These allegations fail to

3

establish the elements of an Unruh Act violation.  Plaintiff must plead factual matter that plausibly establishes the elements of his causes of action.

**2.     Plaintiff may amend his complaint.**

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Here, plaintiff may be able to cure the deficiencies in the complaint by alleging additional facts addressed above.  Thus, the first amended complaint will be dismissed without prejudice and with leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's first amended complaint (ECF No. 10) is dismissed without prejudice.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

Dated:  December 28, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.00907.screen