1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Michael Storman, | No. 2:20-cv-00907-KJM-CKD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Alta Regional Center, | |
| Defendant. | |

Plaintiff Michael Storman alleges Alta California Regional Center (ACRC) withheld developmental disability services from him because of his age and the specific nature of his diagnoses. He is not represented by an attorney. The matter was referred to the assigned Magistrate Judge under this District's Local Rules, and the Magistrate Judge has recommended dismissing the action for failure to prosecute. F&Rs, ECF No. 17. Mr. Storman has filed objects. ECF No. 18. As explained below, the court **declines to adopt** the findings and recommendations.

Mr. Storman, who is 70 years old, has been diagnosed with Autism Spectrum Disorder, Tourette's Syndrome, Major Depressive Disorder, Obsessive Compulsive Disorder, and other conditions. *See* First Am. Compl. at 1, ECF No. 10; Compl. Ex. B, ECF No. 1.[1] He is under the

---

[1] Although Mr. Storman superseded his original complaint by filing an amendment, the amended complaint refers to matters described in the exhibits he attached to his original complaint. The court has therefore considered those exhibits here. *Cf. Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering, in response to a motion under Rule 12(b)(6), materials

1  care of a doctor and is taking psychotropic medications.  Compl. Ex. B.  His vision is also
2  impaired.  He has Keratoconus,[2] cataracts, a corneal transplant, and chronic
3  blepharoconjunctivitis.[3]  *Id.*  Although Mr. Storman was diagnosed with some of these conditions
4  only later in his life, *see* First Am. Compl. at 2, they have weighed on his work and social
5  relationships for much longer, including in his childhood, *see* Compl. Ex. C, ECF No. 1.
6        For at least twenty years, Mr. Storman has not been able to care for himself in many ways.
7  *See id.*  He depends on others for rides to the doctor.  *See id.*  His aversion to water prevents him
8  from showering, so it is difficult for him to clean himself well.  *Id.*  Hand tremors from his
9  Tourette's Syndrome prevent him from inserting his medically necessary contact lenses without
10  injuring his eyes.  *Id.*
11        In 2019, Mr. Storman applied for assistance from ACRC.  In California, several regional
12  centers are responsible for deciding whether people are eligible for services under the state's
13  Lanterman Act, which "establishes a comprehensive scheme for providing services to people with
14  developmental disabilities."  *Michelle K. v. Superior Court*, 221 Cal. App. 4th 409, 422 (2013)
15  (quoting *Capitol People First v. State Dept's of Developmental Servs.*, 155 Cal. App. 4th 676,
16  682 (2007)).  Regional centers assess the needs of people with developmental disabilities and help
17  provide services to them.  *See id.*  ACRC denied Mr. Storman's request for services.  *See* Compl.
18  Ex. A.  It found he did not have a "developmental disability" under the Lanterman Act because he
19  did not provide evidence that he was "substantially disabled in at least three areas of major life
20  activity due to Autism prior to age 18."  *Id.*  Nor did ACRC find any evidence that Mr. Storman
21  had "intellectual disability or a disabling condition closely related to intellectual disability or
22  which requires treatment similar to that for intellectually disabled individuals."  *Id.*
23  /////

---

"whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (alteration in original) (citation and quotation marks omitted)).

    [2] Keratoconus is a gradual change in the shape of the cornea that causes one's vision to deteriorate.  *See* Stedman's Medical Dictionary 468240 (2014).

    [3] Blepharoconjunctivitis is an inflammation in the mucous membranes of the eyes.  *See* Stedmans Medical Dictionary 106910, 198660, and 198640 (2014).

Mr. Storman filed this lawsuit a few months after ACRC denied his request for services. *See* Compl. (filed May 4, 2020). He alleged ACRC's decision violated the Age Discrimination in Employment Act of 1967 and the Age Discrimination Act of 1975 because ACRC had demanded evidence of a disability prior to age 18 even though he had not been diagnosed with any developmental disorders until he was in his 50s. *See id.* at 2–3. He also alleged ACRC had violated the Americans with Disabilities Act by denying him services despite confirmation from his doctors that he had been diagnosed with Autism Spectrum Disorder and Tourette's Syndrome. *See id.* at 2. He requested permission to proceed in forma pauperis. ECF No. 2.

The Magistrate Judge dismissed the complaint under the screening procedures of 28 U.S.C. § 1915(e). *See* Order (Oct. 22, 2020), ECF No. 6. The Magistrate Judge found that because Mr. Storman did not allege that ACRC was his employer or potential employer, he could not prevail under the Age Discrimination in Employment Act or Americans with Disabilities Act. *See id.* at 2–3. The Magistrate Judge did not consider provisions of the Americans with Disabilities Act that apply to entities other than employers. *See, e.g.*, 42 U.S.C. §§ 12132, 12182(a). Nor did the Magistrate Judge address Mr. Storman's claim under the Age Discrimination Act of 1975.

Mr. Storman asked the Magistrate Judge to reconsider the dismissal, but she denied that motion and ordered him to file an amended complaint or risk dismissal with prejudice. *See* Min. Order, ECF No. 9. Mr. Storman amended his complaint, advancing similar factual allegations and adding a claim under California's Unruh Civil Rights Act. ECF No. 10. The Magistrate Judge again dismissed Mr. Storman's complaint under the screening procedures of § 1915. *See* Order (Dec. 28, 2020), ECF No. 11. The Magistrate Judge's order states briefly (1) that Mr. Storman had not explained what "services" he had been denied in violation of the ADA, *id.* at 3, and (2) that Mr. Storman's allegations did not "establish the elements of an Unruh Act violation." *See id.* at 3–4. The Magistrate Judge permitted Mr. Storman leave to amend his complaint. *See id.* at 4.

Mr. Storman attempted to appeal the dismissal to the United States Court of Appeals for the Ninth Circuit, ECF No. 12, but the circuit dismissed his appeal for lack of jurisdiction, citing

cases holding that magistrate judges' orders and dismissals with leave to amend cannot be immediately appealed.  ECF No. 15.  The case was inactive for the next several months until the Magistrate Judge recommended that the action be dismissed for failure to prosecute.  *See* F&Rs, ECF No. 17.  Mr. Storman objected, asking that this court either reconsider the dismissal or permit him to appeal.  *See* Objs. at 2, ECF No. 18.

The court declines to adopt the Magistrate Judge's recommendation to dismiss this action for failure to prosecute.  The Magistrate Judge did not consider the factors the Ninth Circuit has required district courts to consider before dismissing an action as a sanction for failure to prosecute: (1) "the public's interest in expeditious resolution of litigation," (2) "the court's need to manage its docket," (3) "the risk of prejudice to the defendants," (4) "the public policy favoring disposition of cases on their merits," and (5) "the availability of less drastic sanctions." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).  These factors do not favor dismissal, which is too harsh a sanction for Mr. Storman's recent silence.  The Magistrate Judge could have requested a status report as an alternative, for example.  Nor has ACRC appeared, so it cannot have been prejudiced, and this case can still be resolved expeditiously on its merits.

In conclusion, the court **declines to adopt** the Magistrate Judge's recommendation to dismiss this action for failure to prosecute.  **Within thirty days after receiving a copy of this order**, Mr. Storman may file either (1) a second amended complaint, or (2) a notice stating that he stands by the allegations he has already made in his most recent complaint.  This matter is **referred back** to the assigned Magistrate Judge for all pretrial proceedings.

IT IS SO ORDERED.

DATED:  September 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE