UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID STORMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALTA REGIONAL CENTER,<br><br>Defendant. | No.  2:20-cv-0907-KJM-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds pro se in this action, which was referred to the undersigned pursuant to Local Rule 302(c)(3). See 28 U.S.C. § 636(b)(1). By order dated September 21, 2021, the court directed plaintiff to file, within 30 days, a second amended complaint or a notice of election to stand by the allegations in his most recent complaint. On September 27, 2021, plaintiff filed a notice of election to stand on his first amended complaint. (ECF No. 24.) The undersigned therefore reviews the allegations in the first amended complaint. (ECF No. 10.) Plaintiff's motion for recusal is also before the court. (ECF No. 25.)

**I. Motion for Recusal**

Federal law provides a "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "He shall also disqualify himself... [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

proceeding[.]" 28 U.S.C. § 455(b)(1). A party may seek recusal of a judge under the following procedure:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [¶] The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists….

28 U.S.C. § 144. Relief is conditioned upon the filing of a timely and legally sufficient affidavit. Id. A judge who finds a requesting affidavit to be legally sufficient must proceed no further and must assign a different judge to hear the motion. Id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit lacks sufficiency, however, the judge at whom the motion is directed properly denies recusal. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

The standard for legal sufficiency is "'whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source. Sibla, 624 F.2d 864, 867. A judge's previous adverse ruling alone is not sufficient for recusal. Nelson, 718 F.2d at 321.

Plaintiff's motion for recusal alleges bias and impartiality based solely on judicial rulings in this case. The motion does not allege facts to support a contention of bias or prejudice toward plaintiff from an extrajudicial source. Thus, the allegations do not provide a basis for recusal. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("allegations stem[ing] entirely from the district judge's adverse rulings [do not provide] an adequate basis for recusal") (citations omitted)). Therefore, the motion for recusal will be denied.

////

////

## II. Screening of Plaintiff's First Amended Complaint

### A. Plaintiff's Allegations

Plaintiff Michael David Storman was 70 years of age when he filed the first amended complaint. (ECF No. 10 at 1.) Plaintiff was diagnosed with autism in 2003 at age 52. (Id. at 2.) He also has Tourette's Syndrome. Although plaintiff received his autism diagnosis at age 52, plaintiff has always had problems with self-care, learning and mobility. (Id.) Plaintiff is under the care of a doctor who wrote a letter "To Whom It May Concern" stating that plaintiff has diagnoses of Autism Spectrum Disorder and Tourette's Disorder. (ECF No. 1 at 6.)[1] A letter from plaintiff's optometrist further stated plaintiff faces many challenges due to visual impairment and other issues including "his autism which is from an early age." (Id. at 7.)

Defendant Alta Regional Center is a private entity that assists developmentally disabled persons with independent living and related problems. Defendant denied plaintiff eligibility for services on September 6, 2019. (ECF No. 10 at 1.) Defendant told plaintiff his Tourette's Syndrome was not covered by the Lanterman Act and his autism was not substantially disabling. (Id. at 2.) A "Notice of Proposed Action" dated October 8, 2019 informed plaintiff, in relevant part, as follows:

> The ACRC eligibility team determined that you are ineligible for regional services because you did not have a developmental disability as defined by the Lanterman Act. Specifically, the evidence presented to us did not establish that you were substantially disabled in at least three areas of major life activity due to Autism prior to age 18. In addition, there is no evidence that prior to age 18 you had substantially disabling cerebral palsy, epilepsy, intellectual disability or a disabling condition closely related to intellectual disability or which requires treatment similar to that required for intellectually disabled individuals.

(ECF No. 1 at 5.)

Plaintiff alleges the denial of services was improper because he has had autism from a young age, as set forth in the letter. He alleges the Lanterman Act is "an outdated discriminatory

---

[1] Plaintiff's first amended complaint refers to exhibits to the original complaint and, liberally construed, incorporates them by reference. The court therefore considers the exhibits. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

act enacted well before persons with Tourette's syndrome were diagnosed." (ECF No. 10 at 2.) The first amended complaint attempts to state a claim under Title II and/or Title III of the Americans with Disabilities Act ("ADA") and an age discrimination claim under California's Unruh Act.[2] (Id. at 2-3.)

### B. Screening Standards

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes them in the light most favorable to the plaintiff. Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A formulaic recitation of the elements of a cause of action does not suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

---

[2] Plaintiff's original complaint also attempted to state a claim under the Age Discrimination Act of 1975. (ECF No. 1 at 3.) Because such a claim was not previously screened, it will be addressed herein.

### C. Discussion

#### 1. The Lanterman Act

Plaintiff's claims arise from defendant's denial of services under California's Lanterman Developmental Disabilities Services Act, Welf. & Inst. Code, § 4500 et seq. ("Lanterman Act"). Enacted in 1977, the Lanterman Act establishes a comprehensive scheme for providing services to people with developmental disabilities.[3] Capitol People First v. State Dep't of Developmental Servs., 155 Cal.App.4th 676, 682 (2007). Its stated purpose is to establish "services and supports... to meet the needs and choices of each person with developmental disabilities, regardless of age or degree of disability, and at each stage of life," to support their "integration into the mainstream life of the community," and to prevent "dislocation from their home communities" to "the maximum extent feasible[.]" Cal. Welf. & Inst. Code § 4501.

The California Department of Developmental Services ("DDS") is the agency charged with implementing the Lanterman Act. Tri-Counties Ass'n for Developmentally Disabled, Inc., v. Ventura Cty Pub. Guardian, 63 Cal.App.5th 1129, 1137 (2021) (citing Cal. Welf. & Inst. Code §§ 4434, 4629, 4635). In turn, DDS contracts with 21 private non-profit corporations called Regional Centers which help disabled individuals secure services and support. Id. (citing Cal. Welf. & Inst. Code § 4640.7(a).) Regional Centers assess claimants for eligibility using diagnostic criteria and successful claimants obtain an Individual Program Plan which may include, for example, services such as employment programs and transportation for adults. Tri-Counties Ass'n for Developmentally Disabled, Inc., 63 Cal.App.5th at 1138 (citing Cal. Welf. & Inst. Code § 4642(a)(1)).

////

---

[3] The term "developmental disability" refers to "a disability that originates before an individual attains age 18 years, continues, or can be expected to continue, indefinitely, and constitutes a substantial disability for that individual. As defined by the Director of Developmental Services, in consultation with the Superintendent of Public Instruction, this term shall include intellectual disability, cerebral palsy, epilepsy, and autism. This term shall include intellectual disability, cerebral palsy, epilepsy, and autism. This term shall also include disabling conditions found to be closely related to intellectual disability or to require treatment similar to that required for individuals with an intellectual disability, but shall not include other handicapping conditions that are solely physical in nature." Cal. Welf. Inst. Code § 4512(a)(1).

**2.  Disability discrimination under Title II of the ADA**

Plaintiff alleges defendant, a Regional Center, denied him eligibility for services because of his Tourette's Syndrome and autism, and thus violated Title II of the ADA. (ECF No. 10 at 1.) Title II of the ADA provides: "...[N]o qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132 (emphasis added). "To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).

Plaintiff has adequately alleged he is disabled within the meaning of the ADA. It is less clear whether defendant is a public entity that can be held liable under Title II of the ADA. Regional Centers are private, non-profit corporations that contract with DDS. See Tri-Counties Ass'n for Developmentally Disabled, Inc., 63 Cal.App.5th at 1137 (citing Cal. Welf. & Inst. Code § 4640.7(a).) Plaintiff acknowledges defendant is a private entity. (ECF No. 1 at 1.)

The majority of courts to have addressed this issue have held that Title II does not apply to government contractors. See Wilkins-Jones v. Cnty. of Alameda, 859 F. Supp. 2d 1039, 1045-46 (N.D. Cal. 2012) (deferring to the prevailing view in the circuit courts that government contractors are not liable under Title II). However, the Ninth Circuit has not decided whether private entities performing the services of a public entity may be susceptible to suit under Title II of the ADA. See, e.g., L.J. by & through Jones v. Poway Unified Sch. Dist., No. 20-cv-1569-GPC (MDD), 2020 WL 7056283, at *13 (S.D. Cal. Dec. 2, 2020) (holding that a non-profit private corporation contracting with the government is not a public entity under Title II of the ADA but noting absence of a controlling Ninth Circuit decision).

////

The court need not decide whether defendant in this case can be held liable under Title II of the ADA because plaintiff does not plausibly allege discrimination on the basis of his disability. Although plaintiff alleges defendant denied him services "because of" his Tourette's Syndrome and/or autism (ECF No. 10 at 1), such an assertion is conclusory and does not by itself satisfy the plausibility standard. See Iqbal, 556 U.S. at 678 ("labels and conclusions" do not suffice to state a claim); Western Mining Council, 643 F.2d at 624 (a court need not accept conclusory allegations, unreasonable inferences, or unwarranted deductions of fact).

As plaintiff acknowledges, defendant's stated reason for finding plaintiff ineligible for services was its finding that plaintiff did not have a developmental disability as defined by the Lanterman Act. Plaintiff further alleges defendant determined plaintiff was not substantially disabled so as to be eligible for services.

The stated purpose of the ADA is to address and eliminate discrimination against individuals with disabilities. See 42 U.S.C. § 12101(b). The ADA prohibits "discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Here, plaintiff's allegations plausibly allege inadequate services for his disability rather than discrimination on the basis of disability. See Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("No discrimination is alleged; [Plaintiff] was not treated worse because he was disabled. His complaint is that he was not given special accommodation."). Plaintiff does not allege he was "treated differently than [he] would have been treated if [he] were not disabled." Roe v. California Dep't of Developmental Servs., No. 16-cv-3745-WHO, 2017 WL 2311303, at *6 (N.D. Cal. May 26, 2017); see also Aiken v. Nixon, 236 F. Supp. 2d 211, 225 (N.D.N.Y. 2002) (dismissing claim where it provided "no factual basis on which a finder of fact could conclude the disabled who seek to enter [the facility] as a patient... are treated any differently than an 'able-bodied' individual who attempts the same treatment.") (overruled on other grounds by Pearson v. Callahan, 555 U.S. 223 (2009)). Here, too, the allegations and exhibits fail to plausibly allege discrimination "by reason of [plaintiff's] disability." Weinreich, 114 F.3d at 978.

Moreover, while Title II of the ADA does not itself have an exhaustion requirement, Leine v. California Dep't of Rehab., 205 F.3d 1351 (9th Cir. 1999), the Lanterman Act contains an administrative remedy which must be exhausted prior to filing suit in a court. Applicants dissatisfied with any decision or action may appeal the Regional Center's decision by requesting a "fair hearing."[4] Tri-Ctys. Ass'n for Developmentally Disabled, Inc., 63 Cal.App.5th at 1139 (quoting Cal. Welf. & Inst. Code § 4706(a).) Following such a hearing, any party may appeal the decision to a court of competent jurisdiction within 90 days of the receiving notice of the final decision. Cal. Welf. Inst. Code § 4712.5(a).

The Lanterman Act's fair hearing procedures are designed to decide "*all issues concerning the rights of persons with developmental disabilities to receive services under this chapter.*" Cal. Welf. & Inst. Code § 4706(a) (emphasis added).) They provide the exclusive means for challenging all issues relating to the provision of services. Michelle K. v. Superior Court, 221 Cal.App.4th 409, 423 (2013); see also Melton by & through Mosier v. California Dep't of Developmental Disabilities, No. 20-cv-06613-YGR, 2021 WL 633866, at *4 (N.D. Cal. Feb. 18, 2021) (exhaustion requirement applies to all claims "inasmuch as they are based on the particular… decision in this case and the attendant failure to provide [services]").

Pertinent here, the requirement to exhaust the Lanterman Acts' fair hearing procedure applies to state claims as well as federal claims. See Kimiko v. Alta California Regional Center, No. 19-cv-0068 KJM, 2020 WL 6146451, at *5 (E.D. Cal. Oct. 20, 2020) (dismissing state and federal claims against regional center where the plaintiff did not exhaust Lanterman Act's administrative hearing remedy). Failure to exhaust administrative remedies under the Lanterman Act is a jurisdictional defect that cannot be waived by stipulation or inaction. Conservatorship of Whitley, 155 Cal.App.4th 1447, 1464-65 (2007).

---

[4] The Lanterman Act provides substantial procedural rights for a fair hearing, including a prehearing exchange of potential witnesses and documentary evidence, the right to an interpreter, the right to access to records, the opportunity to present witnesses and evidence, the opportunity to cross-examine all opposing witnesses, the right to appear through counsel, the right to a recording of the hearing at the public's expense, and a written decision by the hearing officer. Conservatorship of Whitley, 155 Cal.App.4th at 1460-61 (citing Cal. Welf. & Inst. Code §§ 4701, 4712, 4712.5).

Plaintiff does not allege he exhausted the Lanterman Act's administrative remedy prior to filing suit. He also does not plausibly allege defendant discriminated against him on the basis of his disability. For these reasons, the amended complaint fails to state a cognizable claim under Title II of the ADA.

### 3. Disability discrimination under Title III of the ADA

It appears that plaintiff may also intend to allege a claim under Title III of the ADA. Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a prima facie case of discrimination under Title III, plaintiff must show (1) he has a disability, (2) defendant is private entities that owns, leases, or operates a place of public accommodation, and (3) he was denied public accommodations by defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

For the same reasons set forth in regard to Title II of the ADA, plaintiff fails to plausibly allege discrimination because of his disability. In addition, he does not allege he exhausted the Lanterman Act's administrative remedy prior to filing suit, which would apply also to a claim under Title III. Finally, public accommodations "are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1114 (9th Cir.2000). Plaintiff's allegations fail to plausibly suggest defendant operates a place of public accommodation. See Weyer, 198 F.3d at 1114. For all these reasons, plaintiff fails to state a claim under Title III of the ADA.

### 4. Age discrimination

The Age Discrimination Act of 1975 provides "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. For relief, the Age Discrimination Act of 1975 contemplates injunctive relief and recovery of attorney's fees. Steshenko v. Albee, 42 F. Supp. 3d 1281, 1290 (N.D. Cal. 2014). The Age

9

Discrimination Act of 1975 contains an administrative exhaustion requirement. 42 U.S.C. § 6104(e)(2). In the absence of compliance with the exhaustion requirement, a plaintiff's claim under the Age Discrimination Act may not be brought in a district court. See Grant v. Alperovich, 993 F. Supp. 2d 1356, 1365 (W.D. Wash. 2014).

To exhaust administrative remedies, a claimant must file a complaint with the United States Department of Education, Office for Civil Rights ("OCR") within 180 days from the date he first becomes aware of the discrimination. 34 C.F.R. § 110.3; 34 C.F.R. § 110.31(a). If 180 days have passed since the claimant submitted his complaint and OCR has not made a finding or has issued a finding in favor of the recipient of funds, the claimant may file a complaint in federal court. 34 C.F.R. § 110.39(a); see also Grant, 993 F.Supp.2d at 1365.

Plaintiff does not allege compliance with the exhaustion requirement for a claim under the Age Discrimination Act of 1975. Accordingly, he fails to state a claim. See Grant, 993 F. Supp. 2d at 1365.

### 5. California's Unruh Act

The Unruh Civil Rights Act, codified in California Civil Code § 51, provides "[a]ll persons... are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). It "prohibits intentional discrimination in access to public accommodations." Brown v. Smith 55 Cal.App.4th 767, 786-87 (1997). The Unruh Act applies to "business establishments" that are "generally open to the public," In re Cox, 3 Cal.3d 205, 216 (1970), and mandates they "serve all persons without arbitrary discrimination." Angelucci v. Century Supper Club, 41 Cal.4th 160, 167 (2007); see also Smith v. BP Lubricants USA Inc., 64 Cal.App.5th 138, 149 (2021).

As amended in 1992, section 51 provides "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990... shall also constitute a violation of this section." Cal. Civ. Code § 51(f); Molski, 481 F.3d at 731 (a "violation of the ADA necessarily constitutes a violation of the Unruh Act."). In order to establish a violation of the Unruh Act independent of the ADA, a plaintiff must plead intentional discrimination. Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc., 742 F.3d 414, 425 (9th Cir. 2014).

    Plaintiff alleges defendant discriminated against him based on age in denying him services under the Lanterman Act. However, plaintiff does not allege defendant is a business establishment generally open to the public within the meaning of the Unruh Act. In addition, plaintiff does not allege he exhausted the Lanterman Act's administrative remedy prior to filing suit. Accordingly, it does not appear that plaintiff can state a cognizable claim under the Unruh Act. In any event, the undersigned would recommend the court decline to exercise supplemental jurisdiction over a state law Unruh Act claim unless plaintiff states a cognizable federal claim.

**D. Conclusion**

    Liberally construed, the first amended complaint does not state a claim for relief. Although it may not be possible for plaintiff to correct the deficiencies discussed in this order, plaintiff will be granted another opportunity to file an amended complaint because he was not previously advised of all of the deficiencies discussed in this order prior to previous opportunities to amend.

    Plaintiff is informed that Local Rule 220 requires an amended complaint to be complete in and of itself. If plaintiff files an amended complaint, the original pleading no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in any amended complaint, each claim must be fully and sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's motion for recusal (ECF No. 25) is denied;
2. Plaintiff's first amended complaint is subject to dismissal for failure to state a claim; and
3. Plaintiff is granted thirty days from the date of service of this order to file a further amended complaint curing the deficiencies identified herein; if plaintiff is unable or unwilling to file a further amended complaint that states a cognizable federal claim, then the undersigned will recommend this action be dismissed.

Dated: October 6, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Storman.20cv0907.screenfac